# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Fredly Charles,  Petitioner,  v.  Thomas Hodgson, Sheriff  Respondent. | C.A. No. 1:20-cv-10316  **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Fredly Charles, A 087 175 320 is currently being held unlawfully in federal immigration detention.

2. Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr*, C.A. No. 19-11314 (D. Mass.). His A# is 206 234 737.

3. In *Pereira Brito*, the court entered a Declaratory Judgment that class members are entitled to an immigration bond hearing that meets certain minimum constitutional standards. *See* C.A. No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

4. Petitioner received a bond hearing that did not meet those minimum constitutional standards. The defects in the bond hearing included that Petitioner was required to bear the burden of proof, rather than the government. Petitioner was prejudiced by these errors.

5. Petitioner is consequently entitled to receive a new bond hearing that complies with the standards articulated in the Declaratory Judgment in *Pereira Brito*.

6. Petitioner respectfully requests that the Court order that Petitioner receive such a hearing within seven (7) calendar days of the Court's order, or else be released.

## PARTIES

7. Petitioner Fredly Charles is detained at the Bristol County House of Correction.

8. Respondent Sheriff Thomas Hodgson is Petitioner's immediate custodian.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

10. Venue lies in the District of Massachusetts because Petitioner is currently detained within this District.

## FACTS ALLEGED

11. Petitioner has been held in immigration detention since on or about March 3, 2019.

12. Petitioner received a bond hearing on June 11, 2019.

13. At the conclusion of the bond hearing, the Immigration Court ordered that Petitioner be detained without bond.

14. Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr* because Petitioner is currently detained in Massachusetts pursuant to 8 U.S.C. § 1226(a) and has already received a bond hearing. *See* 395 F. Supp. 3d 135, 149 (D. Mass.) (class certification order); *see also* 2019 WL 6333093, at *5 (modifying class definition to add additional basis for relief).

15. On November 27, 2019, the court in *Pereira Brito* entered a Declaratory Judgement that, for members of the post-hearing class, the Due Process Clause of the Fifth Amendment to the U.S. Constitution requires that:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's

> future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

*See* 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

16. Petitioner's bond hearing did not meet the standards required by the Declaratory Judgment in *Pereira Brito*. Among other defects, Petitioner was required to bear the burden of proof during the bond hearing, rather than the government and the IJ failed to consider conditions of release.

17. Petitioner is entitled to a new bond hearing if Petitioner was prejudiced by the errors in the bond hearing. *See* 395 F. Supp. 3d at 147-49; 2019 WL 6333093, at *7. Prejudice exists whenever the result of the bond hearing *could* have been different if the Immigration Court had used the correct standards and procedures. *See* 395 F. Supp. 3d at 147-49; *see also Doe v. Tompkins*, C.A. No. 18-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Jan. 29, 2019); *Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018).

Here, if the Immigration Court had used the correct standards and procedures, the result could have been different. Mr. Charles is married to a United States citizen, and does not have a conviction for a crime involving moral turpitude, has not spent more than one hundred and eighty days in a house of corrections, INA and lacks a serious criminal record. He has no prior immigration record or history of nonappearance at immigration court proceedings. INA §240A(b)(1)(B). If released, he would return to the home he shares with his wife, attend to his pending matters in the district court, and attend future hearings in this court. Mr. Charles is not a danger to the community.

18. Consequently, Petitioner was prejudiced by the errors in the bond hearing and is entitled to a new bond hearing that complies with the minimum constitutional standards articulated in *Pereira Brito*.

## CLAIM FOR RELIEF

## COUNT I – WRIT OF HABEAS CORPUS

19. Petitioner's detention is unlawful and violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because Petitioner has not received a bond hearing at which (a) the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community; and (b) the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

## PRAYER FOR RELIEF

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. A writ of habeas corpus requiring that Petitioner be released unless Petitioner receives, within seven (7) calendar days, a bond hearing that complies with the requirements articulated in *Pereira Brito*; and

2. Any further relief this Court deems just and proper.

Respectfully Submitted,

Fredly Charles,
By His Attorney,

_____
Ira S. Alkalay, Esq. BBO#553742
Mail: P.O. Box N-51 Westport, MA 02790
Office: 165 Rodman Street
Fall River, MA 02721
(617) 775-4431
ira.alkalaylaw@gmail.com

February 13, 2020